UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MATTHEW JOSEPH LAUDIG, | ) |
| Appellant/Plaintiff, | ) |
| v. | ) 2:20-CV-00361-PPS |
| BRIAN HECIMOVICH, | ) |
| Appellee/Defendant. | ) |

## OPINION AND ORDER

About a year before filing for bankruptcy, Matthew Laudig's real property was sold at an Indiana tax sale. Brian Hecimovich purchased the tax sale certificate. In accordance with the redemption period provided by Indiana law, Laudig had 120 days to pay off his taxes and reclaim his property. Laudig let that time expire. So Hecimovich asked the auditor to issue him a tax deed, and a hearing was set on the matter. But Laudig filed Chapter 13 bankruptcy one day before the hearing, so the hearing was stayed. Although Laudig would like to claim the property as part of his estate and pay off his property taxes in the bankruptcy proceeding, the Honorable Kent Lindquist put the kibosh on the idea and granted Hecimovich's motion for relief from the automatic stay so that Hecimovich could proceed with obtaining a deed to the property he purchased at the tax sale.

Debtor Laudig, acting pro se in this appeal (but through counsel during the bankruptcy), filed a notice of appeal from that bankruptcy ruling. [Bankr. Case No. 19-22676, DE 90 (Mem. Opinion and Order).] For the reasons set forth below, I agree with

Judge Lindquist's conclusion that because the redemption period had already expired when Laudig filed for Chapter 13 bankruptcy, Laudig couldn't avoid the issuance of a tax deed because he no longer had any right to the property that could be treated as part of the bankruptcy estate.

**Factual Background**

The facts in this case are uncontested and largely set forth by stipulated facts in the bankruptcy proceeding. [Bankr. Case No. 19-22676, DE 78.] Laudig filed Chapter 13 Bankruptcy on September 25, 2019. He listed the real estate located at 807 E. Ridge Road, Gary, Indiana ("the Gary Property"), as an asset of the bankruptcy estate.

About a year earlier, on September 11, 2018, the Gary Property was acquired by the Lake County Commissioners via a Tax Sale Certificate (presumably as a result of unpaid property taxes). On March 21, 2019, the Gary Property was sold pursuant to I.C. 6-1.1-24 by the Lake County Commissioners to Brian Hecimovich who was assigned the Tax Sale Certificate for the Gary Property. The assignment served upon Laudig indicated that the redemption period (or the time during which he could re-purchase his property by paying the taxes) would expire on July 19, 2019.

Laudig never redeemed the real property before July 19, 2019. Consequently, on August 20, 2019, Hecimovich filed a Verified Petition for Order Directing the Auditor of Lake County, Indiana, to issue a tax deed. A hearing on the issuance of the tax deed was set by a state court judge for September 26, 2019; however, Laudig gummed up the works by filing bankruptcy the day before the state court hearing which led to the

issuance of an automatic stay by the bankruptcy court. No tax deed was ever issued to Hecimovich.

Hecimovich asked the Bankruptcy Court to terminate the stay and abandon the Gary Property. Hecimovich wanted to proceed with the state court action to obtain a tax deed to the Gary Property. Laudig argued (and continues to argue) that even though the redemption period had expired by the time of the bankruptcy filing, Laudig agreed to make monthly payments on the secured claim of Creditor Hecimovich concerning a tax lien upon the Gary Property, and therefore he still had some right to the property. [DE 3 at 5.] Laudig represented to the Bankruptcy Court that he wanted to make the Gary Property his primary residence. [Bankr. Case No. 19-22676, DE 60 at 1.] Because no tax deed has been recorded in the Auditor's Office, reasons Laudig, he currently has legal title and ownership rights in the property and has a right to treat Hecimovich's claim in the Plan. [DE 3 at 5.] In other words, Laudig contends that the passing of the redemption period should not terminate his right to treat the secured claim in the Plan — Laudig believes he is still the fee simple owner of the real estate and Hecimovich only has a secured claim against the Gary Property which could be treated and paid over the term of the Plan. [*Id.; See also* Bankr. Case No. 19-22676, DE 81 at 6.]

Laudig appeals the Order from the Bankruptcy Court, issued by the Honorable Kent Lindquist on September 23, 2020, in favor of Hecimovich, which reads in full as follows:

> ORDERED, ADJUDGED, and DECREED, that the Motion for Stay Relief and Abandonment by Brian Hecimovich, should be and is

> hereby SUSTAINED. The § 362 automatic stay as to the Debtor's real estate is hereby terminated pursuant to § 362(d)(1) for cause, and the Real Estate is hereby abandoned from the Debtor's estate pursuant to § 554(b). And it is further, ORDERED, ADJUDGED, and DECREED, that the Objection to Confirmation by Brian Hecimovich, should be and is hereby sustained, and the Debtor shall file an Amended Plan within 28 days of this Order that is the consistent with this ORDER.

[Bank. Case No. 19-22676, DE 91.] Additionally, Judge Lindquist issued a 7-page Memorandum Opinion and Order [*Id.*, DE 90], explaining how he reached this conclusion and attaching another Memorandum Opinion and Order of the Bankruptcy Court in *In RE Weathersby*, Case No. 12-23347, upon which he relied. [*Id.*, DE 90 at 8-28.]

Both parties to this appeal agree that the sole issue before me is:

> If the redemption period has expired under Indiana tax sale statutes, whether the Debtor whose real estate was sold at the Indiana tax sale, has the right to treat tax sale purchaser claim under the Chapter 13 Plan and 11 U.S.C. 1322, when the tax sale purchaser has not obtained a tax sale deed prior to the commencement of Debtor's Chapter 13 case.

[DE 3 at 4; *see also* DE 6 at 5.]

## Discussion

In reviewing a bankruptcy court's decision pursuant to 28 U.S.C. § 158(a), the district court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling. Fed. R. Bankr. P. 8013. The standard for review of bankruptcy court decisions depends upon the issue being reviewed. Findings of fact are upheld unless clearly erroneous, but legal conclusions are reviewed *de novo. Id.*; *Wiese v. Cmty. Bank of Cent. Wis.,* 552 F.3d 584, 588 (7th Cir. 2009). Because

4

Laudig only raises a question of law, the standard of review here is *de novo*.

Indiana statute I.C. 6-1.1-25-1 provides for a specific time period within which a property title owner can redeem his property from a tax sale. *See also* I.C. 6-1.1-25-4 (providing the redemption time frame of either 120 days after the date of sale to a qualified purchasing agency or 1 year after the date of sale, and in this case the redemption period was 120 days). It is undisputed that Laudig did not redeem his property within the requisite time frame. But what makes this case tricky is that Hecimovich never actually received the tax deed to the property either. Under Indiana law, the purchaser at a tax sale purchases a tax certificate of sale, which is a lien against the property. I.C. 6-1.1-24-9(b). The sale does not give the purchaser title to the property because the certificate of sale is subject to the owner's right of redemption. *See Jenner v. Bloomington Cellular Servs., Inc.*, 77 N.E.3d 1232, 1237 (Ind. Ct. App. 2017). "Rather, the tax certificate gives the purchaser the right to petition the state court for a tax deed to the property in the event the property is not redeemed [within the applicable time] from the date of the sale of the tax certificate." *In re Harlan*, 580 B.R. 249, 251 (Bankr. S.D. Ind. 2017).

In this case, the redemption period passed, Hecimovich filed a petition for the tax deed to be issued, the hearing was then set for September 26, 2019, but Laudig rather conveniently filed for bankruptcy one day before the hearing (on September 25, 2019), so the hearing was stayed. So the issue is who owned the Gary Property during this period of time when matters were in flux? Did Laudig still have an interest in the

5

property at the time he filed bankruptcy?

Judge Lindquist looked at the flipside of this two-sided coin, trying to determine what right *Hecimovich* possessed, and found that:

> [I]nasmuch as the statutory period to redeem the tax sale certificate held by Hecimovich had clearly expired prior to the filing of the Debtor's Chapter 13 Petition pursuant to the Indiana tax sale scheme, the Debtor can no longer avoid the issuance of a tax deed. In effect, Hecimovich has a right to the Debtor's Real Estate, contingent only on Hecimovich complying with the necessary procedures to obtain tax deed pursuant to the Indiana Tax Sale scheme. Accordingly, Hecimovich does not hold a secured claim that can be treated by the Debtor's Chapter 13 Plan pursuant to § 1322(b)(2). As a consequence, the Motion for Stay Relief and Abandonment and the Objection to Confirmation by Hecimovich must be sustained.

[Bankr. Case No. 19-22676, DE 90, at 6 (emphasis in original).] For the reasons set forth in this opinion, I completely agree with Judge Lindquist's reasoning.

Let's turn to Laudig's arguments in his appeal. Laudig's first argument in his brief is put in the form of a question: "[d]id the Bates Court misinterpret and misapply parts of the Illinois bankruptcy law and Illinois tax sales statutes when it ruled in In re Bates, 270 B.R. 455 (Bankr. N.D. Ill. 2001) at 469-470?" [DE 3 at 7.] I fully recognize the fact that Laudig represents himself in this matter and bankruptcy issues can often be arcane, but I'm nevertheless perplexed by Laudig's many references to Illinois law throughout his memorandum in support of his appeal. As the Supreme Court of the United States has held, "[t]he validity of a creditor's claim is determined by rules of state law." *Grogan v. Garner*, 498 U.S. 279, 283 (1991); *see also Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20 (2000) (generally in bankruptcy, "state law governs the

6

substance of claims."). This case is an appeal from a ruling by the United States Bankruptcy Court for the Northern District of Indiana, regarding a debtor that lives in Indiana, and relating to the interests in real property located in Gary, Indiana. Indiana's rules govern this case. Laudig's references to Illinois statutes regarding the issuance of tax liens are irrelevant. His related argument that "[t]hese Illinois statutes conclusively prove that the Appellant has the right to treat in a Chapter 13 Bankruptcy Appellee's claim from a tax lien prior to the recording of any tax deed at the Auditor's Office, because the interest of possession of the property is Appellant's" [DE 3 at 10] is equally unavailing because it relies on inapplicable law.

Laudig also faults Judge Lindquist's reliance *In re LaMont*, 740 F.3d 397 (7th Cir. 2014). This is a bit odd since Laudig's counsel in the bankruptcy case actually cited and relied upon *In Re LaMont* in his brief submitted to the Bankruptcy Court. [Bankr. Case No. 19-22676, DE 81 at 6.] Moreover, *LaMont* had a very specifically-framed issue in front of it, which was "how the tax purchaser's interest is treated when the property owner enters bankruptcy *during* the redemption period." *Id.* at 400 (emphasis added). *LaMont* held that a debtor who has filed his Chapter 13 petition *prior to the expiration* of the redemption period could provide for payment of the purchaser's claim in installments over the life of the plan pursuant to §§ 1322(b)(2) and 1325(a)(5). *Id.* at 409-10. In other words, *LaMont* held that "when there is still time to redeem, the tax purchaser's interest is a secured claim that is treatable in bankruptcy and modifiable in a Chapter 13 plan." *Id.* at 400.

7

As Judge Lindquist appropriately recognized in his opinion, the *LaMont* court very carefully drew a distinction between filing a Chapter 13 petition *before* the redemption period had expired, and filing a Chapter 13 petition *after* the redemption period had expired:

> [T]reating property sold at a tax sale the same way as property sold at a foreclosure sale ignores the differences between the transactions. Under Illinois law, a mortgage foreclosure sale should occur only after the statutory right of redemption has expired. Therefore, after a foreclosure sale, assuming that the redemption period has run, the purchaser at that sale has a presumptive right to eventual ownership of the property," subject only to confirmation that all formalities were observed. Accordingly, subsequent to a foreclosure sale "the only property interest which the [debtors have] in the real estate after the foreclosure sale [is] the [statutory] right of redemption," [t]he real property [] did not become part of the estate." *Matter of Tynam*, 773 F.2d 177, 179 (7th Cir. 1985). Under those circumstances, it is appropriate to lift the automatic stay so that the purchaser may pursue the ministerial steps to obtain legal title to property that he already has the right to own. The circumstances may be similar in the tax sale context when a debtor files a bankruptcy petition after the redemption deadline has passed, *see In re Bates*, 270 B.R. 455, 469-70 (Bankr. N.D. Ill. 2001), but the circumstances are different if the petition is filed while time remains to redeem. Before the redemption period has expired, a property subject to a Certificate of Purchase still belongs to the delinquent taxpayer, legally and equitably.

*Id.* at 405-06 (some internal quotation marks and citations omitted).

Laudig tries to go down a rabbit-hole of Illinois law, criticizing the *LaMont* court for citing with approval *In re Bates*, 270 B.R. 455, 469-70 (Bankr. N.D. Ill. 2001), contending *Bates* was wrongly decided[1], and arguing the *LaMont* court ignored the

---

[1] *In re Woodruff*, 600 B.R. 616, 625 (Bankr. N.D. Ill. 2019), recognized that *Bates* is no longer good law in this Circuit in light of several more recent Seventh Circuit

holding of *Re Smith*, 614 F.3d 654 (7th Cir. 2010) ("*Smith I*") (which dealt with a different situation of potential avoidance of a fraudulent transfer, and when a tax buyer's interest is perfected against a bona fide purchaser).  First of all, I see nothing in *In Re Smith I* which invalidates *LaMont*, plus *In re Smith*, 811 F.3d 228 (7th Cir. 2016) ("*Smith II*"), which of course came later, actually cited *La Mont* for authority.  <u>But much more importantly</u>: just throwing around the names of these cases dealing with the interplay of Illinois tax sale redemption law and the federal bankruptcy code adds little to the present issue before me.  So instead, let's try to focus on what *Indiana* law requires.

One of the biggest reasons these Seventh Circuit cases interpreting Illinois law are not entirely helpful is the fact that Indiana and Illinois have two different approaches to the expiration of the redemption period.  Indiana takes a binary approach, finding that based upon the clear and unambiguous language of the applicable Indiana statutes, "the trial court does not have the discretion to extend the period of redemption beyond the [applicable] limitation."  *In re Lake Cnty. Tax Sale of Real Property With Delinquent Taxes*, 818 N.E.2d 505, 509 (Ind. Ct. App. 2004).  This is an intentional choice in Indiana, where the applicable statute was amended:

> Previously, the statute provided that an interested person could redeem the tract at any time before the date when the auditor was required to issue a tax deed; thus, a redemption could occur after the [] redemption period expired if the trial court had not yet entered the order for a tax deed.  However, effective July 1, 2001, Indiana Code § 6-1.1-25-1 was amended to provide for a definitive period of redemption, dependent upon the expiration of the

---

decisions analyzing Illinois law.

>statutory period, rather than upon the time it takes a court to order a tax deed.

*Id.* at 508 (internal citations omitted). Now, the statute has a fixed-term for the redemption period and "if the owners failed to redeem the property during that [time], a purchaser who has complied with the statutory requirements is entitled to a tax deed." *Id.* There's no room for fudging (or judging for that matter). Illinois, on the other hand, has consistently held the passing of the redemption deadline does not definitively foreclose redemption under Illinois law — rather, courts have used equitable powers to redeem property that has passed statutory deadlines. *See, e.g., In re Application of Tax Deed*, 115 N.E.3d 974, 980 (Ill. App. Ct. 2018).

A bankruptcy estate is limited to the rights held by the debtor at the beginning of a bankruptcy. As the Seventh Circuit has recognized, the filing of a bankruptcy petition "cannot expand debtors' rights." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir. 1984); *see also Matter of Jones*, 768 F.2d 923, 927 (7th Cir. 1985) (quoting *Moody*) ("whatsoever rights a debtor had at the commencement of the case continue in bankruptcy — no more, no less."). When Laudig failed to re-purchase the Gary Property during the redemption period, he lost the opportunity to get it back any other way in Indiana, and the bankruptcy can't resuscitate it.

If I did as Laudig requests and allow him to pay back the delinquent real estate taxes over the life of his bankruptcy Plan, I would be creating a new property right under Indiana law, something that I have neither the power (nor the inclination) to do. A bankruptcy can only include and deal with all of the debtor's "property," and that

10

term of art is defined by state law. *See Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 598 (7th Cir. 2012). When this bankruptcy began, under Indiana state law, Laudig had already lost his right to redeem the property. Hecimovich was not asleep at the wheel — when the redemption period lapsed, he asked for an issuance of a tax deed, and that hearing was scheduled — the only thing standing between him and title to the Gary Property was the ministerial hearing, which got sidelined due to the bankruptcy filing. Laudig cannot change state law by filing bankruptcy at the eleventh hour; he let the redemption period lapse, and the filing of the bankruptcy cannot change that fact.

## Conclusion

For the reasons set forth above, I agree with the Bankruptcy Judge's reasoning set forth in his Memorandum Opinion and Order [Bankr. Case No. 19-22676, DE 90] and AFFIRM the Bankruptcy Court's order dated September 23, 2020, terminating the stay as to the Debtor's real estate and finding the real estate is abandoned from the Debtor's estate [Bankr. Case No. 19-22676, DE 91].

**SO ORDERED.**

ENTERED: April 20, 2021.

                                               s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT